The SCHOOL DISTRICT OF the BOR-
OUGH OF WEST HOMESTEAD,
Plaintiff,

v.

INTERIM OPERATING COMMITTEE
OF ADMINISTRATIVE UNIT
NO. 21 et al., Defendants.

Civ. A. No. 71–485.

United States District Court,
W. D. Pennsylvania.

July 19, 1971.

---

Aaron Cohen, Cohen & Popiel, Pittsburgh, Pa., for plaintiff.

John B. Nicklas, Jr., McCrady, Nicklas, McCrady & Maiello, Pittsburgh, Pa., Robert Seaker, Deputy Atty. Gen., State Bd. of Ed., Harrisburg, Pa., John G. Masick, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

This is an action brought pursuant to 28 U.S.C. § 1343(3). The plaintiff, a school district, seeks redress for what it alleges was a denial of due process of law in violation of the 14th Amendment. Specifically, the plaintiff claims that the proceedings of the defendants, county and state school boards, pursuant to a Pennsylvania state statute regarding the reorganization of school districts were conducted so as to deny the plaintiff, an affected party, an opportunity to be heard. The limited question which this action presents is whether or not the plaintiff has been denied procedural due process as it claims. We are not confronted with the plaintiff's standing as a "person" under § 1343(3) since this was not raised by the defendants, and consequently we reach no conclusion on that issue.[1]

This controversy centers around proceedings held by county and state administrative bodies for the purpose of reorganizing Pennsylvania school districts pursuant to the Pennsylvania Supplemental Reorganization Act of 1968.[2] The first stage of the reorganization proceedings called for the Allegheny County Board of School Directors to prepare a plan for the organization of the school districts of Allegheny County into administrative units. At that stage the County Board afforded the plaintiff, which is within Allegheny County, an opportunity to submit a written brief and an oral argument. The plaintiff availed itself of both of these opportuni-

---

1. See The School District of the Borough of East Pittsburgh v. Interim Operating Committee of Administrative Unit No. 42, Civil Action No. 71–624, July 13, 1971.

2. Act of July 8, 1968, No. 150, 24 P.S. §§ 2400.1–.10.

ties. The plan which the County Board thereafter drafted placed the plaintiff in Unit No. 21 with the school districts of Homestead and Munhall. Subsequently, pursuant to the Act, the plaintiff appealed first to the Pennsylvania State Board of Education and second to the Court of Common Pleas of Allegheny County. At each of these proceedings the plaintiff declined to offer evidence or otherwise participate therein on the grounds that the County Board had not filed findings of facts and conclusions of law with the State Board to support its plan and that the hearing held by the County Board was improper. Both the State Board and the Court of Common Pleas upheld the appropriateness of the unit under the provisions of the Act. On appeal, the Superior Court of Pennsylvania affirmed per curiam without opinion the decision of the Court of Common Pleas. Thereafter the Supreme Court of Pennsylvania denied a petition for allowance of appeal from the Order of the Superior Court. The plaintiff then turned to this Court.

We find the plaintiff's position untenable. In School District of West Homestead v. Allegheny County Board of School Directors, 440 Pa. 113, 269 A.2d 904 (1970), a related proceeding, the Supreme Court of Pennsylvania read the Act as providing,

> " * * * a comprehensive and constitutionally adequate procedure which is the exclusive procedure available to a school district which considers itself aggrieved by the actions of the County and State Boards."

The failure of the plaintiff to take advantage of that procedure was its choice. An opportunity to be heard was afforded by both the State Board and the Court of Common Pleas but was declined. The Act does not direct the County Board to file findings of facts and conclusions of law. Nor does it specify the kind or duration of the proceedings which the County Board must conduct in preparing its plan. Further, the County Board's plan is in the nature of a recommendation which the State Board is free to review and either accept or reject. Any misgivings which the plaintiff may have had regarding the proceedings before the County Board should have been raised with the State Board. In these circumstances, the plaintiff can not legitimately claim that it has been denied an opportunity to be heard.

All of this assumes that the plaintiff has an abstract right to be heard. That he does is doubtful. The discretion to reorganize school districts is one that rests peculiarly with the duly constituted State governing bodies. The State is entrusted with the duty to provide for the education of its school age citizens and, administratively, the manner in which that duty is discharged is neither conditioned upon prior consultation with its created agencies nor contingent upon subsequent approval by the Federal courts. As stated by the Supreme Court in Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228 (1968):

> "By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." [3]

We conclude that the plaintiff has not been denied due process of law in violation of the 14th Amendment and that therefore its complaint must be dismissed with prejudice. An appropriate order will be entered.

---

3. See also Chartiers Valley Joint Schools v. Allegheny County Board, 418 Pa. 520, 211 A.2d 487 (1965), concurring opinion of Mr. Justice Cohen, wherein he states, "[C]ertainly the Legislature has not given the school district *the duty* of making sure that the Legislature acts constitutionally. And the school district has no powers that are not either expressly conferred upon it by the Legislature or implied from the nature of its duties."